The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUCHER AEROSPACE CORPORATION,

    Plaintiff,

v.

BOMBARDIER AEROSPACE CORPORATION

    Defendant.

Civil Action No. 2:22-cv-1238-BJR

**ORDER REGARDING MOTION TO DISMISS**

### I.    INTRODUCTION

Plaintiff Bucher Aerospace Corporation ("Bucher") brings this lawsuit against Defendant Bombardier Aerospace Corporation ("Bombardier") alleging claims for breach of contract, unjust enrichment, quantum meruit, promissory estoppel, and negligent misrepresentation. Bombardier moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 9. Plaintiff opposes the motion. Dkt. No. 13. Having reviewed the motion, opposition, and reply thereto, the record of the case, and the relevant legal authority, the Court strikes the motion and instructs Bucher to file an amended complaint. The reasoning for the Court's decision follows.

## II.     DISCUSSION

Bucher specializes in the design, manufacture, and delivery of custom interior aircraft components. Bombardier is an aircraft manufacturer that has contracted with Bucher on numerous projects to customize interior components for its aircraft. Relevant here, in 2016, Bucher and Bombardier entered a contract for the design and development of a sliding door and bulkhead unit (hereinafter "sliding door unit") for Bombardier's Global 5000 and 6000 aircraft. The parties dispute the terms of the contract: Bucher claims that the contract required Bucher to design and manufacture the sliding door unit after which Bombardier was required to purchase the units for its aircraft; Bombardier counters that the contract between the parties was a development agreement that imposed no obligation on Bombardier to purchase the sliding door units after development. Bucher alleges that it successfully developed the sliding door units, including expending over 8,000 engineering hours to accommodate design requests that were not part of the original proposal, but Bombardier has not complied with its obligation to purchase the sliding door units for its aircraft. Bucher charges Bombardier with improperly benefitting from its design work and breaching the parties' agreement.

As stated above, Bombardier has move to dismiss this lawsuit with prejudice, arguing that the Complaint fails to state a claim on which relief can be granted. Bombardier filed certain documents in support of the motion that it claims form the parties' agreement and that demonstrate Bucher is not entitled to the relief it seeks. Bucher, in turn, filed a factual declaration and exhibits with its opposition to the motion that it claims highlight the parties' intent when they entered into the agreement and over the course of their business relationship. Bombardier moves to strike the declaration and exhibits, arguing that they are an improper attempt to bolster the complaint with allegations that were not previously raised. Bucher counters that the declaration

and exhibits are proper because Bombardier presented matters outside the pleadings in its motion to dismiss and urges this Court to treat the motion to dismiss as a motion for summary judgment. However, Bucher also suggests that the Court still does not have all relevant documents before it. *See*, *e.g.*, Dkt. No. 13 ("In reality, the Parties' entire agreement has much more for the Court to consider than just the exhibits to Bombardier's Motion.").

It is evident from the pleadings that the Complaint is incomplete and must be amended to properly set forth Bucher's claims. Therefore, in the interest of judicial efficiency and moving this case forward in the most judicious manner possible, the Court strikes the motion to dismiss and instructs Bucher to file an amended complaint that fully sets forth the factual allegations of its claims and includes all relevant documents that comprise the parties' agreement. It is further evident to the Court that this matter is more appropriate to proceed by summary judgment, not a motion to dismiss, and the parties should consider proceeding accordingly.

### III.   CONCLUSION

Based on the foregoing, the Court HEREBY STRIKES the motion to dismiss (Dkt. No. 9) and Bucher is instructed to file an amended complaint within fifteen (15) business days of the date of this order.

Dated this 13th day of January 2023.

*[signature: Barbara J. Rothstein]*

Barbara Jacobs Rothstein
U.S. District Court Judge